JUDGE HARDIN
delivered the opinion oe the court.
In April, 1857, Willis Lovelace exhibited before the judge of the Pendleton Quarterly Court a claim for forty-six dollars against T. P. Roberts, who he alleged by appropriate affidavit was a non-resident of the state; and, proceeding by constructive .service only, sued out an attachment for subjecting the property of Roberts to his claim, upon which about fifteen dollars were realized by the sale of personal property. Afterward in the same proceeding, and without personal service or appearance of Roberts, a judgment in personam was rendered against him; and an execution having been issued thereon, and returned indorsed, in substance, “no property found,” the plaintiff filed and caused to be recorded in the clerk’s office of the circuit court, under section 846 of the Civil Code of Practice, copies of the judgment, execution, and return, and thereupon sued out an execution, which was levied upon an interest of Roberts in a tract of land; and that interest, described as twenty-five acres of land, was sold subject to a supposed lien, and purchased by Richard Stowers for $35.32.
Stowers brought this suit in equity in 1869, suggesting the death of the sheriff without his having conveyed the land, and the continuance of the possession in Roberts or those holding under him, and seeking to correct a mistake in the sheriff’s return, and to render the sale effectual by a recovery of the possession and a conveyance of the title; or if this should not be done, that the land be subjected to sale for the repayment of the amount of his purchase, and the latter relief was adjudged; but by mistake in computing the amount the judgment considerably exceeds the amount of the principal *297 sum paid and interest thereon, and is therefore in any event erroneous.
But this appeal questions the correctness of the judgment on another and more important ground. It is insisted, rightly as we think, that the personal judgment of the quarterly court was not merely erroneous, but was absolutely void, and imparted no validity to the subsequent action of the sheriff under the execution from the clerk’s office of the circuit court. This court has often and uniformly held that a personal judgment without service of process or appearance in the action is totally void; and although under our law regulating provisional remedies the appellant' may have been constructively in the court, with reference to any judgment m rem sought in that proceeding, that fact ’ did not, in our opinion, imply jurisdiction to render any personal judgment against the appellant any more than if he had not been before the court for any purpose.
It results that the appellee was not entitled to any recovery in this action.
Wherefore the judgment is reversed, and the cause remanded with directions to dismiss the petition at the costs of the appellee.